UNITED STATES BANKRUPTCY COURT
FOR THE NORTER DISTRICT OF MISSISSIPPI

IN RE:                                                                                                            CHAPTER 13
WESLEY L. BAILEY                                                        CASE NO. 19-10350

## **OBJECTION TO PLAN AND TO CONFIRMATION**

Komatsu Financial Limited Partnership ("Komatsu"), makes a limited appearance[1] and objects to the Plan [Doc. No. 11] and to confirmation of the Plan. Komatsu objects to the Plan because it includes a Doosan Log Loader (in which Komatsu has a perfected first priority purchase money security interest) that is not property of the estate because the Doosan Log Loader is owned by a limited liability company, North MS Timber Harvesting LLC — not the individual Chapter 13 Debtor, Wesley L. Bailey.

**North MS Timber Harvesting LLC — Not the Debtor — Solely Owns Komatsu's Collateral**

1. Komatsu holds a perfected first priority purchase money security interest in a Doosan Log Loader, Model DX225LL-US20, Serial No. DHKCEBAFSD0005082 (the "Log Loader"), as evidenced by the Security Agreement and UCC Financing Statement collectively attached hereto as Exhibit "A."

2. That Log Loader is (erroneously) listed in Debtors' Plan. [Doc. No. 11-3 (p. 4 of 6)].

---

[1] Komatsu makes a limited appearance for the purpose of objecting to the Plan because it includes property — the Doosan Log Loader — in which Komatsu has a security interest but is not property of the estate. Komatsu makes its limited appearance with a full reservation of rights, including the right to further object to the jurisdiction of the Court over Komatsu or the property in which it has a security interest and to its Motion to Recognize Inapplicability of Stay.

3. Under the Security Agreement attached hereto as Exhibit "A," North MS Timber Harvesting LLC is the contracting party to which the Log Loader was sold and which granted purchase money security interest in the Log Loader.

4. The Log Loader is owned by a limited liability company, North MS Timber Harvesting LLC — not the individual Chapter 13 Debtor. Because Komatsu contracted with North MS Timber Harvesting LLC , ownership of the Log Loader was held by that non-debtor limited liability company, North MS Timber Harvesting LLC — not the individual Debtor in this case, Wesley L. Bailey.

5. North MS Timber Harvesting LLC is a Mississippi limited liability company, formed and registered in Mississippi, and in good standing, as evidenced by the printout from the Mississippi Secretary of State's website attached hereto as Exhibit "B."

6. Accordingly, the Log Loader is not property of the estate and should not be included within the purview of this proceeding or the Plan. See 11 U.S.C. §§ 541, 1306. See also In re Murchison, 54 B.R. 721, 725 (Bankr. N.D. Tex 1985) (holding that the property owned by entity, which entity was owned by debtor, was not "property of the estate" and explaining that Debtor had no interests in the particular property at issue; rather, he had an equitable interest in the entities which owned other entities, and so on, which ultimately owned an equitable interest in the partnership holding title to the property"). Further, statutory black letter Mississippi limited liability company law establishes that the members of a limited liability company have no interest in the property of the limited liability company, as follows: "A membership interest in a limited liability company is intangible personal property. A

member shall have no interest in limited liability company property." Miss. Code Ann. § 79-29-701 (emphasis added).

7. Komatsu objects to the Plan because it includes the Log Loader, which is not property of the estate. The Plan should not allow the Debtor to retain property that is not property of the estate.

8. To the extent that Debtor may argue that North MS Timber Harvesting LLC (the actual owner of the Log Loader) is a codebtor or joint debtor, a limited liability company cannot be a debtor, codebtor, or joint debtor because Chapter 13 only applies to "individuals" and "consumer debt." In re McCormick, 381 B.R. 594, 598-600 (Bankr. S.D.N.Y. 2008) ("A limited liability company may not be a debtor under chapter 13 of the Bankruptcy Code," and "[a] limited liability company may not be a codebtor or a joint debtor under chapter 13 of the Bankruptcy Code.").[2]

9. Accordingly, Komatsu's collateral, the Log Loader, is not "property of the estate," should not be included in the Plan, and is not subject to the purview of these proceedings.

---

[2] See also JNA-1 Corp. v. Uni-Marts, LLC (In re Uni-Marts, LLC), 404 B.R. 767, 780 (Bankr. D. Del. 2009) ("'[I]t is universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the debtor.'" (quoting McCartney v. Integra Nat'l Bank N., 106 F.3d 506, 509-10 (3d Cir. 1997) (internal citations and quotations omitted)); Bankhart v. Ho, 14-10716, 2014 WL 6481904, at *2 (D. Mass. Nov. 14, 2014) (The automatic stay "'does not extend to separate legal entities such as corporate affiliates, partners in debtor partnerships or to codefendants in pending litigation.'" (quoting In re Slabicki, 466 B.R. 572, 580 (1st Cir. BAP 2012)).

**Alternative Additional Objections**

10. Even if the Log Loader were property of the estate (which it is not), Komatsu avers in the alternative that the Plan fails to provide any specific payment provisions with respect to the Log Loader and, therefore, cannot be confirmed. The Plan form itself specifically provides: "**The treatment of ALL secured and priority debts must be provided for in this plan**." Other than (erroneously) listing the Log Loader, Debtor's Plan fails to provide for any specific treatment of Komatsu. The Plan has no provision for curing the substantial pre-petition or post-petition defaults. Komatsu objects accordingly.

11. Komatsu also objects that Plan incorrectly states the value of the Log Loader.

12. Komatsu further objects that the Plan does not provide any statements or analysis of the Debtor's income, ability to perform the Plan, or liquidation analysis. In particular but without limitation, lack of this information prevents a determination of whether the Plan may also violate Title 11 U.S.C. § 1322(d)(2) because the Plan provides for payments over more than a period of 3 years.

13. Further, Komatsu joins in the Objections filed by other parties, including the U.S. Trustee [Doc. No. 9]. In particular but without limitation, Komatsu objects that the Plan does not provide for Till interest and does not provide for adequate protection.

WHEREFORE Komatsu respectfully requests the Court sustain its Objection, deny confirmation, dismiss this case, and recognize that the Log Loader is not property of the estate and thus improperly included in the Plan. Komatsu further prays for all relief just or equitable in the premises.

Respectfully submitted, this 2nd day of April, 2019.

 s/ Thomas J. Madigan, II
THOMAS J. MADIGAN, II # 101046
RYAN O. LUMINAIS # 101878
**SHER GARNER CAHILL RICHTER**
   **KLEIN & HILBERT, L.L.C.**
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112-1033
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
ATTORNEYS FOR KOMATSU FINANCIAL
LIMITED PARTNERSHIP

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHER DISTRICT OF MISSISSIPPI

IN RE:  CHAPTER 13
WESLEY L. BAILEY  CASE NO. 16-13614

**CERTIFICATE OF SERVICE**

I certify that a copy of foregoing has been forwarded to the following, and each addressee on the attached service list, through the Court's CM-ECF system, electronic mail, and/or U.S. Mail (properly addressed and postage pre-paid):

| **Debtor's Counsel**<br>Karen B. Schneller<br>P.O. Box 417<br>Holly Springs, MS 38635<br>karen.schneller@gmail.com | **Debtor**<br>Wesley L Bailey<br>799 Watson Road<br>Byhalia, MS 38611 |
|---|---|
| **Trustee**<br>Locke D. Barkley<br>6360 I-55 North<br>Suite 140<br>Jackson, MS 39211 | |

New Orleans, Louisiana, April 2, 2019.

/s/ Thomas J. Madigan
Thomas J. Madigan, II